(104 So. 491)

No. 25103.

### ANNAN v. WOODS.

(April 27, 1925. Rehearing Denied May 25, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Contracts** ⬤⟾348—**Burden on defendant to prove that cost of building erected by plaintiff at cost plus price was to be kept within alleged limits.**

Defendant, having admitted contract sued on to draw plans and specifications for and construct residence for him at cost plus price and 12 per cent. of cost as commission, burden was on him to prove that cost was to be kept within alleged limits.

2. **Contracts** ⬤⟾350(1)—**Finding that no limit was placed on cost of building erected for defendant held sustained by evidence.**

Trial court's finding that no limit was placed on cost of building erected for defendant by plaintiff, and that excess over contemplated cost was not due to plaintiff's indifference, extravagance, or wastefulness, *held* sustained by evidence of defendant's payment of bills long after claimed limit was exceeded, and failure to make objection, on receipt of statements, that such limit was being exceeded.

3. **Contracts** ⬤⟾229(2)—**Excess over contemplated cost of building held not chargeable to contractor, in absence of proof of agreed limit.**

That cost of building exceeded amount contemplated by parties to contract for erection thereof on cost plus basis *held* not ground for charging excess to contractor, in absence of proof of agreed limit, in view of advancing prices of labor and materials, and evidence that cost plus jobs were rarely kept within estimates.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by J. P. Annan against W. F. Woods. Judgment for plaintiff, and defendant appeals. Affirmed.

George Thurber, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellee.

THOMPSON, J. The defendant appeals from a judgment rendered in plaintiff's favor for $2,635.66, the full amount claimed, and which judgment rejected the defendant's reconventional demand for $9,037.01.

The suit grows out of a verbal contract under which the plaintiff, as supervising architect, drew the plans and specifications, and caused to be constructed a residential building for the defendant, on lots owned by the defendant in the city of Shreveport.

It is admitted that the plaintiff was to receive for his services a commission of 12 per cent. of the total cost price of the materials used and for the services and labor performed in the construction of the building.

It is also admitted in defendant's answer that the total cost of the building was $27,037.01, practically all of which, defendant alleges, had been paid before the institution of this suit.

It is further admitted that defendant paid $910 on plaintiff's commission. The amount claimed by the plaintiff represents the balance due on the commission and the sum of $307.66 paid out by plaintiff on insurance.

The answer sets up numerous complaints of faulty and defective workmanship, the use of inferior and worthless materials, and charges that the plaintiff was extravagant and wasteful in the purchase of materials

to be.used in the building, and careless, negligent, and unbusinesslike in the construction of the said building, all of which caused the defendant damage in the amount claimed in reconvention.

[1] The gravamen of defendant's complaint, however, is that the plaintiff agreed that the total cost of the building, including plaintiff's commission, would not exceed $18,000. This presents an issue of fact, the solution of which depends on the weight to be given to the conflicting testimony.

It is conceded that if, as a matter of fact, the plaintiff guaranteed that the entire cost of the building would not exceed the sum of $18,000, then beyond question the plaintiff is not entitled to anything, and would owe the defendant the amount which he had to pay in excess of the price agreed on.

It appears that the defendant's wife was present during several conferences between the plaintiff and defendant, but when the contract was finally consummated there was no one present except the plaintiff and the defendant.

As already stated, the defendant admits that a contract was entered into with the plaintiff at a cost plus price, and that plaintiff's commission was to be 12 per cent. of the cost. On page 42 of the transcript we find the defendant testifying as follows:

"Q. What agreement did you make with Mr. Annan to build that building?
"A. Mr. Annan was to do the architectural work and also to direct the work.
"Q. For what?
"A. For 12 per cent.
"Q. Twelve per cent. of what?
"A. Of the cost."

Having admitted the contract as stated, the burden was clearly on the defendant to prove that the cost of the building was to be kept within the limit alleged.

[2] This we think the defendant has failed to do. As the work progressed, the bills were paid by the defendant, and were continued to be paid long after the claimed limits of cost had been exceeded.

The plaintiff sent a complete statement of the cost up to the time of the statement, with a demand for his commission thereon before the building was completed and when the amount greatly exceeded the $18,000, and no complaint was made by the defendant that the cost was growing largely in excess of the limit contended for.

On September 7, 1920, the plaintiff mailed the defendant a statement up to and including August 31, 1920, showing a total cost of $21,755.60, exclusive of the commission. In the letter accompanying the statement, the plaintiff said:

"You will note the amount due me is $2,610.-67, less credits amounting to $910, which leaves a balance due .of $1,700.67, on August 31, 1920."

To this letter the defendant replied:

"I am in receipt of your statement relative to expenses on house up to August 31st, and would appreciate it very much if you would kindly forward me all invoices covering expenditures made, and also pay rolls, in order that I can check them. As soon as everything is checked up and audited, I will.try and make arrangements to settle with you."

It will be noted that the cost of the building up to the time the statement was sent .to defendant exceeded the amount which defendant' claims was the limit, by something over $3,000.

Again on October 8, 1920, before the building was completed, the plaintiff mailed another statement to the defendant, showing the cost up to that time, on which plaintiff claimed a balance as commission of $1,922.78.

With this statement the plaintiff called attention to the fact that a previous statement had been sent with all vouchers and papers in support thereof, in order that defendant

might check the expenditures in connection with the building.

Against these statements and expenditures the defendant made no objection, and at no time did he protest and claim that the cost price of the house was limited to $18,000, and that plaintiff was without authority to exceed that amount. It is true that, as a witness, he testified that he protested orally to the plaintiff, but the plaintiff denies that he did so.

We deem it unnecessary to refer to the evidence in further detail. It is sufficient to say that the evidence as a whole preponderates over the contention of the defendant that a limit was placed on the cost of the building, and this conclusion applies equally to the other contentions that the increased cost of the building was due to the indifference, extravagance, and wastefulness of the plaintiff.

[3] There is no doubt that the building cost much more than either the defendant or the plaintiff contemplated it would at the time the contract was entered into, but, in the absence of proof establishing an agreed limit of price, there can be no sufficient reason why the cost of the building, in excess of what might have been at the time in contemplation of the parties, should be visited upon the plaintiff. It must be remembered that at the time the building was constructed the price of labor and materials was high and still advancing, and it is a fact disclosed by the evidence that "cost plus" jobs were rarely kept within the limits of the estimates. In view of such conditions, contractors were scarcely willing to agree to construct a building under a guarantee to keep the cost within a specified limit.

The trial judge, who saw and heard the witnesses, resolved the question of fact in favor of the plaintiff, and we can find no sufficient reason for setting aside his finding.

The judgment is affirmed.