## BLANCHARD v. BANK OF MORGAN CITY & TRUST CO.

### No. 1915.

Court of Appeal of Louisiana.
First Circuit.

Dec. 19, 1938.

C. A. Blanchard, of Donaldsonville, for appellant.

J. Y. Gilmore and Wise & Wise, all of Morgan City, for appellee.

OTT, Judge.

In April, 1933, the plaintiff executed two notes in favor of the Bank of Morgan City & Trust Company, one for $150 and the other for $500, both of which notes matured in July, 1933. At the time these two notes were executed (which were actually renewal notes) the bank was operating on a restricted basis under the proclamation of the President of the United States, and the Governor of the State, and

the rules and orders issued thereunder to meet the banking crisis which resulted in March, 1933. The bank was operated on a restricted payment of deposits until December 1, 1933, at which time it was placed in liquidation by the Banking department of the State.

Plaintiff alleges in his petition that on or about March 4, 1933, he was assigned the sum of $307.42 by the heirs of George Williams, Sr., as attorneys fees for services rendered in the Williams Succession, which amount was then on deposit in said bank in the name of the deceased, George Williams, Sr.; that he (plaintiff) immediately tendered said amount to the bank officials for credit on his notes then held by the bank, which tender was refused.

Plaintiff further alleges that on September 6, 1933, he obtained a judgment against said bank in a garnishment proceeding in the sum of $84.63, which amount was also tendered the bank for credit on his notes, and which tender was also refused. Plaintiff has deposited in court the difference between the amount of the two alleged tenders and the amount of his two notes, and he is asking that the liquidators of the bank be compelled to accept the said tenders and the amount deposited as payment of his two notes, and that the notes be returned to him.

The liquidators of the bank denied the assignment and tender of the two claims of set-off, but admitted that there was a deposit in the bank in the name of George Williams, Sr., in the amount claimed to have been tendered; that if plaintiff did have an assignment of said Williams deposit from the heirs, he had no greater right than the heirs had as depositors, and under the orders and restrictions under which the bank was operating, the deposit could not be withdrawn either by the depositor or by his assignees. The liquidators also reconvened and asked for judgment against the plaintiff for the full amount of the two notes, interest and attorneys fees.

The demand of the plaintiff was rejected, and judgment was rendered in favor of the liquidators and against the plaintiff on the reconventional demand for the amount of the two notes, interest and attorneys fees. From that judgment, plaintiff has taken a devolutive appeal.

While the evidence is not quite clear as to the exact date, yet it does show that plaintiff tendered to the officers of the bank a certified copy of the judgment recognizing the heirs of George Williams, Senior, and putting them in possession of the deposit, and that plaintiff tendered a check for the deposit and offered to apply it on his notes. The evidence also shows that the bank refused to either cash the check signed by the heirs for the deposit or to apply it as a credit on plaintiff's notes. The petition alleges that this tender was made on or about March 4, 1933, and plaintiff states in a letter written the bank under date of March 15, 1934, that he made the tender and demand on March 4, 1933. Of course, at that time he could not have asked that the amount of the Williams deposit, assigned to him, be credited on his notes—or at least on the present notes, as they had not then been executed.

■■■■ Assuming, however, that the bank then held plaintiff's notes of which the present ones are renewals, we fail to see how the bank could have been required to compensate the amount of the Williams deposit against the notes. Even though the plaintiff presented to the bank a certified copy of the judgment recognizing the Williams heirs and placing them in possession of the deposit, together with an order or check signed by the heirs to plaintiff for the amount, such an order or check did not have the effect of creating plaintiff a creditor of the bank to the amount of the deposit. The bank, as the depositary, still remained the debtor to the Williams heirs, and the order or check did not substitute plaintiff as a creditor in the place of the depositor, until and unless the bank accepted or certified the order or check. Negotiable Instrument Law, Act No. 64 of 1904, § 189; Feitel House Wrecking Company, Inc. v. Citizens' Bank & Trust Company et al., 159 La. 752, 106 So. 292. In the cited case the Supreme Court reviewed the law on this subject as it existed prior to the enactment of the Negotiable Instrument Law and as it is now, and in that connection says, page 759, 106 So. page 294: "Hence it appears that, since the passage of the Negotiable Instruments Law, the law in this state is that, until a check has been accepted or certified by the drawee bank, it does not operate as an assignment of any part of the funds of the drawer in the bank, although the bank may have been notified of the drawing of the check, and hence, unless the check has been ac-

cepted or certified by the bank, there is no privity between the bank and the holder, and therefore the holder has no cause of action against the bank."

■ In order for compensation to take place, the two debts must exist simultaneously and have as their object the payment of a sum of money, or a certain quantity of consumable things of one and the same kind, and the debts must be equally liquidated and demandable. When the two debts thus exist they become extinguished to their respective amounts by operation of law, and without the necessity of any tender or action on the part of the debtor and creditor to make the compensation effective. Civil Code, Arts. 2207, 2208 and 2209; In re Canal Bank & Trust Company, Intervention of Wainer, 178 La. 961, 152 So. 578.

Therefore, if we assume that at the time plaintiff tendered the check of the Williams Heirs to apply on his notes, he then owed the bank notes due and demandable of him, yet he did not offer as compensation a debt due him by the bank, because he had no enforceable claim against the bank. He could not have maintained an action against the bank to collect the Williams deposit on the check in his favor had the bank not been operating under a restricted payment basis, as the bank had never accepted the check or certified it.

■ On September 6, 1933, a judgment was rendered in the Justice Court in the matter of the Interstate Electric Company, Inc., v. J. M. Hamilton under a garnishment proceeding against the Bank of Morgan City and Trust Company in which the account of the defendant, Hamilton, in said bank, in the sum of $84.63, was ordered to be turned over to plaintiff, Blanchard, as attorney for the said Interstate Electric Company, and to be applied on the judgment. Blanchard offered to apply this amount on his notes due the bank, but the bank refused to give him credit on his notes for the amount. Obviously, this item could not be compensated against the personal obligation of the plaintiff, Blanchard, due the bank, as the amount was due and owing to the Interstate Electric Company, and not to its attorney. The two debts, the deposit of Hamilton which by the judgment became the property of the Interstate Electric Company, and the debt due by plaintiff, Blanchard, to the bank on his notes, were not equally demandable; the bank could demand of Blanchard the payment of his notes, and the Electric Company could demand of the bank the payment of the Hamilton deposit.

■ Plaintiff also complains of the allowance of interest and attorneys fees against him on the notes. As compensation did not take place on the notes and as no tender of payment was made, there was nothing to prevent the accrual of interest on the notes in accordance with their tenor. The notes were not paid either in whole or in part, and the maker agreed to pay interest on the principal until the notes were paid.

The maker of the notes agreed that in case they were placed in the hands of an attorney for collection, he would pay ten per cent on the aggregate amount for attorneys fees. As the notes were not paid and were placed in the hands of an attorney for collection, the maker was obligated to pay attorneys fees. Plaintiff claims that the bank did not have possession of the notes as they were pledged to the Reconstruction Finance Corporation, and therefore the bank was in no position to deliver the notes had he paid them in full. That is true, and had plaintiff made a tender to the bank or to the pledgee of the full amount of the notes before they were placed in the hands of an attorney for collection and had demanded the return of his notes, he would not have been bound for attorneys fees incurred thereafter. All of the tenders that he made were conditioned on the allowance as a credit of the two items of $307.42 and $84.63. Obviously, this was not a tender of such a nature as would stop the running of interest on the notes and relieve the plaintiff of his agreement to pay attorneys fees in case the notes were placed in the hands of an attorney for collection.

Finding no error in the judgment appealed from, the same is hereby affirmed at the cost of the appellant.