FRUGÉ, Judge ad hoc.
This suit was instituted in the City Court of the City of Bogalusa, Fourth Ward, Washington Parish, Louisiana, by Milton J. Rider, seeking recovery of the sum of $407.78, together with legal interest thereon from the defendant, William A. Rhodes.
The suit is an outgrowth of a building agreement entered into between the parties whereby the plaintiff herein agreed to make certain additions and alterations to premises No. 211 Louisiana Avenue, Bogalusa, Louisiana, belonging to the defendant, at the request of and for the account of defendant. The plaintiff alleges in his petition that there was no written recorded contract covering the said work; but that *835 petitioner agreed to furnish all labor and materials necessary to complete said work, and defendant agreed to pay to petitioner the cost of such labor and materials, plus an additional sum of ten per cent of said costs. Plaintiff’s petition further alleges that he proceeded to comply with the terms of the agreement, making the said additions and alterations in a thorough and workmanlike manner and that the defendant accepted said work as it was completed. The plaintiff then alleges in his petition that the total amount due under the work done by petitioner was $3,839.08; that payments were made on account, in the sum of $3,-431.30, leaving a balance still due and unpaid in the amount of $407.78. The plaintiff’s petition further shows that he executed an affidavit covering the materials and labor furnished, preserving the lien and privilege granted by law to the fur-nisher of materials and labor. The plaintiff concludes his petition with a prayer in which he asks, among other things, for judgment against the defendant in the full sum of $407.78 together with interest and costs, and prays that his materialman’s and laborman’s lien and privilege upon the defendant’s property he recognized and maintained.
The defendant filed an answer in which he admits that petitioner, as a building contractor, entered into a verbal agreement with defendant to make certain additions and alterations to his property, and admits that the terms of the agreement were as shown by plaintiff, except that defendant alleges there was a maximum price on the job of $3,051 agreed upon between the parties. Further answering the plaintiff’s- petition, the defendant set forth a demand in reconvention, alleging, among other things, that the said work was done in an incompetent, negligent and careless manner; that the plaintiff exceeded the alleged maximum; and that the defendant was forced to spend certain sums in completing the job and in repairing the alleged defects in plaintiff’s work.
From a judgment on the merits in favor of plaintiff as prayed for, and rejecting the reconventional demand of the defendant, defendant has perfected an appeal to this Court. The evidence in this case establishes that the plaintiff, Milton Rider, did, in fact, supply, or cause to be supplied, the materials and labor used in the construction of defendant’s building, which together with a sum equal to ten per cent thereof, amounts to the total sum of $3,839.08, as alleged in the petition. This is supported by the testimony contained in the record, as well as by invoices and itemized statements properly identified and introduced. It is also shown by the record that on this amount defendant has paid plaintiff the sum of $3,431.30, also as alleged in plaintiff’s petition. These facts are likewise supported by testimony, cancelled checks and credit items. This leaves a balance allegedly due plaintiff by the defendant the sum of $407.78, the amount sued on and the amount awarded in the judgment by the trial court.
It is undisputed that the contract entered into by plaintiff and defendant was the cost plus ten per cent contract. Article IV of defendant’s answer admits same.
Defendant in his answer admits that the petitioner, a building contractor, entered into a verbal agreement with defendant to make certain additions and alterations to his property, and admits that the terms of the agreement were shown by the plaintiff, except that defendant alleges there was a maximum price on the job of $3,051, agreed upon between the parties. The defense of this suit is based primarily upon the theory that it was agreed that the cost of the building was not to exceed a certain maximum figure, to-wit: $3,051. In alleging such a maximum figure, the defendant must assume the burden of proving its existence. Pertinent here, plaintiff has cited Annan v. Woods, 158 La. 663, 104 So. 491, 492:
“As already stated, the defendant admits that a contract was entered into *836 with the plaintiff at a cost plus price, and that plaintiff’s commission was to he 12 per cent, of the cost * * *. Having admitted the contract as stated, the burden was clearly on the defendant to prove that the cost of the building was to be kept within the limit alleged.”
The record disclosed that the plaintiff testified that he was to do this job at a cost plus ten per cent, and that he would try though .to hold the cost of the project as low as possible. He prepared plans after making two inspections of the building which was to be remodeled. He emphatically denied that a maximum figure was agreed upon in the oral contract between him and Mr. and Mrs. Rhodes. Mr. and Mrs. Rhodes and Mr. and Mrs. Ledet testified that the maximum figure in the neighborhood of $3,000 was definitely agreed to by the contracting parties.
Plaintiff argues that the exhibits of the evidence and the dictates of common understanding and reasoning compel one to conclude that in truth and in fact no figure was ever agreed upon and fixed as the guaranteed maximum price for the job. He further argues that it is not reasonable to suppose that a contractor would undertake the repairing and remodeling of an old building and guarantee a maximum cost therefor, without first reaching an agreement and drawing up complete and detailed specifications, covering all phases of the proposed work. He further contends that he could not set a maximum price without first agreeing upon the type and quality of materials that the owner desired.
Defendant contends, and in support of his position, introduced in evidence, several sheets of scratch paper upon which appear various figures and calculations, written in pencil, marked D2(l), D2a(2), D2b(3), D2c(4), D2d(5) and D2e(6) for identification, together with the set of plans of the building, constitute a contract in which the plaintiff set forth a guaranteed maximum price.
Plaintiff contends that these documents do not contain specifications, and that they were merely calculations made by the plaintiff in order to arrive at a rough estimate of the cost of the job. Plaintiff further points out as a circumstance favorable to him, the fact that defendant, on April 4, 1957, paid plaintiff $500 by check, which payment by the defendant brought up to date the total of $3,421.73, an amount which is substantially in excess of the alleged maximum figure. Plaintiff further contends that defendant’s position that there was a maximum price on the job was never known to him until defendant’s answer was filed in the suit.
We are not favored with written reasons by the trial court. The trier of facts evidently concluded that there was no agreement by the contracting parties of the alleged limit in the sum of $3,051. The circumstances corroborate the plaintiff on this point.
The reconventional demand by the defendant was properly rejected by the trial court. Defendant failed to sustain his burden of proof that the workmanship was bad. It is in evidence that this work was unfinished, wherein the plaintiff ceased further work for the reason that he was refused payment. The over-all picture of the alleged defects in the workmanship is the result of an attempt by both plaintiff and defendant to hold the cost of the project as low as possible. In that connection defendant cannot claim that he was totally blameless in that respect.
We find no manifest error in the conclusions of the trial court and consequently will not disturb.
For the foregoing reasons the judgment of the City Court will be affirmed.
Affirmed.