DIXON, Judge.
The First National Bank of West Monroe appeals from an adverse judgment, rejecting its claim for $500.00 paid on a check to Sam Campbell, after the maker of the check had requested that its payment be stopped.
The maker of the check was Willie L. Sandifer, who was engaged in negotiations with Sam Campbell to purchase a laundry from Sam Campbell’s son, Sam, Jr., a nonresident. The check involved shows on its face “Deposit on Econo Washateria.”
The check was dated February 5, 1969. On February 7, Sandifer notified the bank that he wished payment be stopped on the check. Defendant Campbell did not know that the stop payment order had been made. On February 23, 1969 Sandifer notified Campbell that he did not intend to purchase the washateria. On February 24, 1969 the defendant Campbell inquired by telephone, of the bank whether the check was good and whether payment had been stopped. Employees of the bank overlooked the stop payment order and informed defendant that the check was good, whereupon the defendant presented the check and received payment.
The appellant bank lists as error: (1) the trial judge’s determination that the bank was relegated to rights of subrogation pursuant to R.S. 6:42; (2) the trial court’s refusal to recognize appellant’s right of action under Civil Code Article 2302; (3) the trial court’s determination that appellee was not unjustly enriched by the receipt of appellant’s funds.
*368 The trial court, in considering Civil Code Article 2302, sustained an exception of no cause of action filed by the defendant during the trial of the case. That exception was based, first, on the defendant’s contention that the allegations did not disclose that plaintiff was subrogated to the rights of Willie L. Sandifer, and, in the alternative, that the defendant was acting as the authorized agent for his son and incurred no personal liability in the transaction.
The case was fully tried, and it is unnecessary to decide whether the exception of no cause of action should have been sustained because, considering the entire record of the case, the plaintiff cannot recover.
Civil Code Article 2302 provides “he who has paid through mistake, believing himself a debtor, may reclaim what he has paid.”
Appellee contends that whatever rights the bank might have under C.C. 2302 are limited by the provisions of R.S. 6:42, the last paragraph of which states:
“Where any such stop-payment order has been made by the drawer, and the bank upon which the check or draft is drawn shall have paid inadvertently such check or draft notwithstanding the order, the bank or trust company which has made such payment shall be subrogated to the rights of the payee, the endorsers and the drawer.”
Sam Campbell, upon receipt of the funds from Sandifer’s check, conveyed them to his son, for whom he was acting. We agree with the conclusion of the trial judge that the defendant-appellee has not been enriched, justly or unjustly. We do not perceive that the “Christian principle” defining equity in C.C.196S as “not to do unto others that which we would not wish others should do unto us” has any application. Nor does the further “moral maxim” in that article that “no one ought to enrich himself at the expense of another.” We cannot conclude from the evidence in the record that Sam Campbell, the payee of the check, was not entitled to the proceeds of that check as earnest money, on behalf of his son Sam Campbell, Jr. Appellant’s argument under Civil Code Article 2302 seems to be that the bank is entitled to recover money from the defendant, simply because the bank made a mistake. The bank does not maintain that it was under the impression that there was some obligation by it to the defendant Campbell. The bank fails to explain how it could believe itself “a debtor” under the provisions of C.C. 2302 to the payee of a check. A check is not an assignment. R.S. 7:189 provides:
“A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check * * *.”
There is no question in this case about acceptance or certification, and until there was an acceptance (defined in R.S. 7:132) or a certification, the bank could not believe itself a debtor to the payee. M. Feitel House Wrecking Company v. Citizens’ Bank & Trust Company, 159 La. 752, 106 So. 292; Blanchard v. Bank of Morgan City & Trust Company, La.App., 185 So. 120.
Therefore, C.C. 2302 can have no application to the instant case. See Jung v. Gwin, 174 La. 111, 139 So. 774. In addition, the right granted under 2302 is circumscribed by the provisions of C.C. 2303:
“To acquire this right, it is necessary that the thing paid be not due in any manner, either civilly or naturally. A natural obligation to pay will be sufficient to prevent the recovery.”
Regardless of whether the bank was obligated to honor the check presented to it, the record does not show that “the thing paid be not due in any manner, either civilly or naturally.” To the contrary, the record shows that Campbell, the payee, acting for his son, was entitled to the proceeds of the check. The check shows on its face *369 that it was a deposit for the purchase of the laundry. The deposit was presumed to be earnest money in the absence of a contrary agreement. Braden v. Reisch, La. App., 125 So.2d 781. Mexic Bros., Inc. v. Sauviac, La.App., 191 So.2d 873. When earnest money has been given, the one who gives earnest money may withdraw from the agreement by forfeiting it. C.C. 2463.
Since Campbell, the payee of the check, was entitled to receive the funds, the bank cannot recover from him simply because it made a mistake.
Therefore, the judgment of the district court sustaining the exception of no cause of action is amended; there is now judgment on the merits for the defendant and against the plaintiff, rejecting the demands of the plaintiff, at its cost.