308 So.2d 808 (1975)
Bert TROXLER, Jr.
v.
Thomas W. McFARLAIN.
No. 6663.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
Rehearing Denied March 12, 1975.
Writ Refused June 6, 1975.
Preston N. Aucoin, Ville Platte, for defendant-appellant.
Robert E. Lee, Gretna, for plaintiff-appellee.
Before SAMUEL, STOULIG, and BEER, JJ.
BEER, Judge.
On October 21, 1973, Bert Troxler and Thomas McFarlain entered into an agreement whereby Troxler would purchase a residence at 229 Diane Avenue, Jefferson Parish, for $24,000 ($3,000 cash and the assumption of a $21,000 mortgage). Troxler was to pay half of the cash payment by October 21, 1973 and the balance at the act of assumption. He paid the original $1,500 *809 but thereafter refused to pay the balance and brought suit for the return of the original payment contending that McFarlain had not complied with the original agreement which provided that a condition of the assumption was the furnishing of written consent of the mortgagee, Jefferson Savings & Loan Association. McFarlain answered and reconvened for the remaining $1,500 alleging that the entire $3,000 cash part of the purchase price was earnest money.
After trial, the district court ordered McFarlain to return the $1,500 to Troxler and dismissed the reconventional demand. We reverse insofar as the main demand is concerned and affirm with respect to the reconventional demand.
Appellee alleged the breach of a condition precedent to the sale. At the trial, however, it was proven, without contradiction, that the condition precedent, the written consent of Jefferson Savings & Loan Association, had been fulfilled. Appellee pleaded no other grounds for annulling the agreement and therefore is bound by it.
Although no specific terminology was used, the $1,500 that was paid pursuant to the agreement was a deposit. The other $1,500 cash was simply the remaining liquid portion of the total purchase price and not part of the deposit. A deposit made pursuant to an agreement to sell is presumed earnest money in the absence of clearly stated contrary intention. First National Bank of West Monroe v. Campbell, 242 So.2d 366 (La.App. 2nd Cir. 1970), Haeuser v. Schiro, 235 La. 909, 106 So.2d 306 (1958). LSA-C.C. Art. 2463 allows a seller to retain earnest money upon a buyer's breach. Accordingly, appellant is entitled to retain the $1,500 payment of October 21, 1973, but has no claim to any greater amount.
For the reasons assigned, the judgment appealed from, insofar as the main demand is concerned, is reversed and it is now ordered that there be judgment in favor of the Defendant, Thomas W. McFarlain, and against the Plaintiff, Bert Troxler, Jr., dismissing said plaintiff's demand. In all other respects the judgment appealed from is affirmed. Cost of this appeal to be paid by appellee.
Reversed in part, affirmed in part.

On Application for Rehearing
PER CURIAM.
The application for rehearing is denied. Appellee's counsel failed to file a brief in this court and now, in an application for rehearing seeks to inject an issue which was not raised in any pleading filed in the district court or mentioned in the appeal.
Rehearing denied.