PRICE, Judge.
George Edgemon appeals a default judgment ordering specific performance by him of a contract to sell a sixty-five acre tract of land located in Morehouse Parish to Lindy Houston.
Plaintiff signed a contract with defendant’s real estate agent to purchase the property for a cash consideration of $74,800 and deposited the sum of $4,500 with the realtor to be applied on the purchase price upon execution of the deed transferring title. After completion of examination of title, plaintiff tendered the balance of the purchase price and called upon defendant to execute the deed to transfer title in accordance with the contract. Defendant refused to complete the transaction, and plaintiff filed this suit for specific performance. The district court rendered judgment by default ordering defendant to carry out the sale as provided by the contract.
On this appeal defendant contends the $4,500 deposit was earnest money under La.C.C. Art. 2463, and therefore plaintiff is not entitled to specific performance, but is only entitled to a return of double the amount deposited. We find the judgment ordering specific performance is contrary to the jurisprudence and reverse.
La.C.C. Art. 2463 provides:
But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double.
In interpreting this article the jurisprudence has firmly established the rule that a deposit made pursuant to an agreement to *152 sell is presumed earnest money in the absence of a clearly stated contrary intention. Maloney v. Aschaffenburg, 143 La. 509, 78 So. 761 (1917); Haeuser v. Schiro, 235 La. 909, 106 So.2d 306 (1958); First National Bank of West Monroe v. Campbell, 242 So.2d 366 (La.App. 2d Cir. 1970); Troxler v. McFarlain, 308 So.2d 808 (La.App. 4th Cir. 1975).
Counsel for plaintiff has made a very forceful argument that this line of jurisprudence is a misconstruction of the language and intent of C.C. Art. 2463, and that it results in a thwarting of the true intentions of the contracting parties in many instances. Several recognized legal scholars of the present and past share in this view. See 2 Litvinoff Obligations in Louisiana Civil Law Treatise § 123 (1975); Smith, An Analytical Discussion of the Promise of Sale and Related Subjects, Including Earnest Money, 20 La.L.Rev. 522, 541-42 (1960). See also 2 M. Planiol Traité élémentaire de droit civil 1387-90 (La. State L. Inst, trans. 1959).
Nevertheless, we feel constrained to follow the rule prevailing for over sixty years in the unbroken line of jurisprudence and hold that absent a clearly stated contrary intent, a deposit in a contract to sell is to be considered the giving of earnest under C.C. Art. 2463, and specific performance by the seller is not an available remedy.
The instant contract does not express a clear intent against the giving of earnest money by the deposit made with the defendant’s agent. The failure of defendant to tender to plaintiff the sum equal to double the amount of deposit does not alter the nature of the contract and does not, in itself, show a contrary intent to the acceptance of earnest by the defendant.
For the foregoing reasons, the judgment is reversed and plaintiff’s demands against defendant are dismissed. The right to recover double the amount deposited as earnest money from defendant in an appropriate action is reserved to plaintiff. All costs of this proceeding including this appeal are assessed to plaintiff.