SAVOIE, Judge.
2L Boats, Inc. appeals from a judgment denying it relief against Fred Settoon, Inc. for breach of contract, damages, and return of its deposit.
2L Boats, Inc., plaintiff, is a corporation owned equally by Roy P. Liner and Herman LeBlanc. Fred Settoon, Inc., defendant, is a corporation in the business of building and repairing boats. Its principal officer and owner is Fred Settoon.
2L Boats, Inc. contracted with Fred Set-toon, Inc. for the building of a vessel for 2L Boats, Inc. Pursuant thereto, 2L Boats, Inc. paid a $70,000.00 deposit. 2L Boats, Inc. allegedly withdrew from the contract for financial reasons. Thereafter, another corporation purchased the vessel, and Fred Settoon, Inc. retained 2L Boats, Inc.’s deposit.
As a result, 2L Boats, Inc. sued Fred Settoon, Inc. for the return of its deposit, breach of contract, and damages. Fred Settoon, Inc. answered and reconvened, alleging a monetary loss from the boat’s sale to the other purchaser. The trial court rendered judgment in favor of Fred Set-toon, Inc. on the main demand and ⅛ favor of 2L Boats, Inc. on the reconventional demand. From this judgment, 2L Boats, Inc. appeals.
FORFEITURE OF 2L BOATS, INC.’S DEPOSIT
2L Boats, Inc. complains that the trial court erred in allowing Fred Settoon, Inc. to retain its deposit, particularly when 2L Boats, Inc. was never placed in default.
It is apparent from the Reasons for Judgment that the trial court considered the deposit as earnest money which was forfeit *795 ed by 2L Boats, Inc.’s withdrawal from the contract.
It is well settled that money deposited by the purchaser at the time of the contract is presumed to be earnest money, in the absence of either an express stipulation to or facts clearly showing the contrary. This is so even though the money paid is referred to by the parties as being paid on account of the purchase price, or as a deposit thereon. First National Bank of West Monroe v. Campbell, 242 So.2d 366 (La.App. 2nd Cir.1970).
The parties’ testimony and the written contract reflect that the $70,000.00 was a deposit on the contract and was to be refunded to 2L Boats, Inc. in the form of a credit out of the final payment due on the contract. Accordingly, we agree that this deposit was earnest money.
When earnest money has been given, the party who gives the earnest money may withdraw from the contract by forfeiting it. L.S.A.-C.C. 2463.
The trial court found that 2L Boats, Inc., through LeBlanc, was desirous of withdrawing from the contract and communicated this fact to representatives of Fred Settoon, Inc.
The appellate court must give great weight to factual conclusions of the trier of fact. Such findings will not be disturbed on review absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We find no error in the trial court’s findings.
The record reflects that 2L Boats, Inc. was a newly formed corporation at the time of the transaction and was without assets. However, it had obtained a commitment letter from I.T.T. for the financing of the purchase price of the vessel. This financial commitment required the personal guarantee of LeBlanc and Liner in order to be effective. According to Liner’s own testimony, he refused to sign the commitment. Further, several of Fred Settoon, Inc.’s representatives testified that because of Liner’s refusal, LeBlanc wished to withdraw 2L Boats, Inc. from the contract, and communicated this to the representatives.
Based on these facts, we cannot disagree with the trial court’s conclusion that 2L Boats, Inc. forfeited its deposit when it communicated to Fred Settoon, Inc. that it wished to withdraw from the contract.
CONTRACT PRICE
2L Boats, Inc. argues that the trial court erred in failing to construe the contract as the- parties understood it at the time of its execution. 2L Boats, Inc. contends that the agreement was for Fred Settoon, Inc. to build a supply vessel in accordance with discussed plans and specifications for a price not to exceed $780,000.00. However, the testimony and contract do not support this contention.
Liner, LeBlanc, Settoon and Perera (Fred Settoon, Inc.’s office manager) all testified that the contract was on a cost-plus basis. Further, the written contract provides for payment to be computed' at builder’s cost plus twelve per cent.
Having admitted that the contract was for cost-plus, the burden is on 2L Boats, Inc. to prove that the cost of the vessel was to be kept within the limit alleged. See also Annan v. Woods, 158 La. 663, 104 So. 491 (1925), rehearing denied, May 25, 1925; Rider v. Rhodes, 110 So.2d 834 (La.App. 1st Cir.1959).
The testimony reflects that the $780,000.00 quote was an estimate, not a bid price. Further, the record establishes that the estimate was based on a particular profile sketch, and was made before any discussions concerning modifications of the profile. Accordingly, we agree with the trial court that, taken as a whole, the evidence preponderates over 2L Boats, Inc.’s contention that a limit was placed on the cost of the vessel.
CONTRACTUAL OBLIGATIONS
2L Boats, Inc. asserts that the trial court erred in concluding that 2L Boats, Inc. had a contractual obligation to furnish Fred Settoon, Inc. with any permanent financing *796 commitment other than to pay the price at delivery. The Reasons for Judgment do not reveal that such a finding was made. What the trial court found was that Liner refused to obligate himself to the personal guarantee required under the I.T.T. loan commitment obtained by 2L Boats, Inc. Further, it concluded that Liner’s refusal to sign the personal guarantee resulted in LeBlanc’s decision to withdraw 2L Boats, Inc. from the contract with Fred Settoon, Inc. These findings of fact do not indicate to us that the trial court was in any way making a determination of the contractual obligation of the parties with respect to financing the vessel.
Further, 2L Boats, Inc. complains that the trial court erred in failing to find that Fred Settoon, Inc. breached its contract by not furbishing any accounting for costs. We do not reach the merits of this argument because we find that 2L Boats, Inc. failed to place Fred Settoon, Inc. in default prior to 2L Boats, Inc.’s withdrawal from the contract. Once 2L Boats, Inc. withdrew from the contract and forfeited its deposit, there was no obligation on the part of Fred Settoon, Inc. to furnish the accounting. Andrew Development Corp. v. West Esplanade Corporation, 347 So.2d 210 (La.1977).
Lastly, 2L Boats, Inc. asserts that it is due damages for Fred Settoon, Inc.’s failure to deliver the vessel as per the contract. Because we conclude that 2L Boats, Inc. withdrew from the contract prior to time for delivery of the vessel, this assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff is to pay all costs.
AFFIRMED.