SAVOIE, Judge.
Wiltz Corporation and Fred Settoon, Inc. appeal from a judgment awarding Wiltz Corporation the return of its deposit on a vessel construction contract and the sums it paid for equipment installed on the vessel.
Wiltz Corporation, plaintiff, is a corporation owned by Wiltz LeBlanc and his son, Herman. Its business is to supply crew boats and services for the oil and gas industry. Fred Settoon, Inc., defendant, is a corporation engaged in the business of building and repairing boats. Its principal officer and owner is Fred Settoon.
Wiltz Corporation contracted with Fred Settoon, Inc. for the building of a vessel for Wiltz Corporation. Pursuant thereto, Wiltz Corporation paid a $75,000.00 deposit.
During the course of construction, $21,-232.75 was expended for certain items purchased and installed in the vessel. This sum was billed directly to and paid by Wiltz Corporation.
Upon completion, Wiltz Corporation was notified that the vessel was ready for delivery at an additional cost of $812,012.67.[1] The offer and tender of delivery was rejected by Wiltz Corporation as not being in accordance with the terms and conditions of the vessel construction contract. Subsequently, a meeting between the parties and their respective counsels was held to discuss the completed price of the vessel.
As a result of this meeting, Wiltz Le-Blanc had the vessel listed with a marine broker, and Fred Settoon went about trying to find a buyer. The vessel was finally sold by Fred Settoon, Inc. A check was issued to Wiltz Corporation for $21,232.75, representing those items previously purchased for the vessel and paid for by Wiltz Corporation. However, Fred Settoon, Inc. refused to reimburse Wiltz Corporation the $75,-000.00 deposit.
Wiltz Corporation sued Fred Settoon, Inc. for breach of contract, damages, and return of its deposit. Fred Settoon,' Inc. answered and reconvened, alleging it suffered a monetary loss from the boat’s sale to the other purchaser. Judgment was rendered ordering the return of deposit and the reimbursement of sums expended by Wiltz on the vessel. All remaining demands by both parties were rejected. From this judgment, Wiltz Corporation and Fred Settoon, Inc. appeal. However, Fred Settoon, Inc. appeals the judgment only insofar as it orders the return of the $75,000.00 deposit.
FRED SETTOON, INC.’S APPEAL
Fred Settoon, Inc. contends that the trial court erred in ordering the return of the $75,000.00 deposit by Wiltz Corporation. It asserts that no new contract was entered into and, thus, the deposit was earnest money which was forfeited when Wiltz Corporation defaulted on the contract.
The trial court determined that a meeting between the parties and their respective counsels on the issue of the price of the vessel resulted in an entirely new agreement.[2] The trial court concluded that un- *798 der this agreement the parties agreed that both would attempt to find a buyer for the vessel. The price sought was to be sufficient to relieve Wiltz Corporation of the responsibility of accepting the vessel, permit the return of its deposit and the sum paid for installed equipment, and pay off Fred Settoon, Inc.
Factual findings of the trial court are accorded great weight and should not be disturbed on review absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). There is no error in these findings of fact by the trial court.
The testimony of Mr. Wiltz LeBlanc and Mr. Settoon reflects that both parties were going to try to sell the boat. Further, the exhibits confirm the fact that Mr. LeBlanc listed the vessel with a marine broker. In addition, there is uncontradicted testimony that although Mr. LeBlanc anticipated losing $50,000.00-$75,000.00 ($75,000.00 being the amount of the deposit), Mr. Settoon assured Mr. LeBlanc that he would not lose his deposit as a result of the sale.
In light of these facts, we conclude the trial court was correct in ordering the return of the $75,000.00 deposit to the Wiltz Corporation.
WILTZ CORPORATION’S APPEAL
Wiltz Corporation complains that the trial court erred in not finding that Fred Settoon, Inc. breached its contract by failing to furnish any accounting for costs. We do not reach the merits of this argument because we find that Wiltz Corporation failed to place Fred Settoon, Inc. in default therefor prior to entering into a new contractual arrangement to sell the boat to a third person. Once this new agreement was entered into, the duties owed under the construction contract were no longer applicable.[3]
Further, Wiltz Corporation asserts that the trial court erred in not awarding it damages for Settoon’s failure to deliver the vessel as per the contract — that is, for a cost not to exceed $780,000.00. This argument encompasses Wiltz Corporation’s contention that the contract price, albeit a cost-plus contract, was not to exceed $780,000.00. However, the testimony and contract do not support this contention.
Mr. Wiltz LeBlanc, Herman LeBlanc, Liner (LeBlane’s boat broker), Settoon and Perera (Fred Settoon, Inc.’s office manager) all testified that the contract was on a cost-plus basis. Further, the written contract provides for payment to be computed as builder’s cost plus twelve per cent.
Having admitted that the contract was for cost-plus, the burden is on Wiltz Corporation to prove that the cost of the vessel was to be kept within the limit alleged. See also Annan v. Woods, 158 La. 663, 104 So. 491 (1925), rehearing denied, May 25, 1925; Rider v. Rhodes, 110 So.2d 834 (La.App. 1st Cir.1959).
The testimony reflects that the $780,-000.Q0 quote was an estimate, not a bid price. Further, the record establishes that the estimate was based on a particular profile sketch, and was made before any discussions concerning modifications of the profile. Accordingly, we agree with the trial court that, taken as a whole, the evidence preponderates over Wiltz Corporation’s contention that a limit was placed on the cost of the vessel.
Therefore, there was no unilateral breach of the contract by Fred Settoon, Inc. when it offered and tendered delivery of the vessel for $812,012.67. The trial court’s denial of damages under this assignment is correct.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are to be shared by both appellants.
AFFIRMED.

. This amount is in addition to the $75,000.00 deposit, the $21,232.75 paid for installed equipment, and $102,000.00 for the engines.

. Our law recognizes that any contract may be later modified, abrogated or revoked by the consent of the parties. Further, a written contract may be modified by oral agreement, provided the original contract was not required by law to be in writing. Hornsby v. Ray, 327 *798 So.2d 146 (La.App. 3rd Cir.1976), writ refused, 330 So.2d 293 and 330 So.2d 319.

. Id.