454 So.2d 131 (1984)
STATE of Louisiana, Appellee,
v.
Larry Wayne HUNTER, Appellant.
No. 16165-KA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
Rehearing Denied July 6, 1984.
Writ Denied September 20, 1984.
*132 Culpepper, Teat, Caldwell & Avery by Bobby L. Culpepper, Jonesboro, for appellant.
William J. Guste, Jr., Atty. Gen., T.J. Adkins, Dist. Atty. by Dan J. Grady III, Asst. Dist. Atty., for appellee.
Before MARVIN, FRED W. JONES and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
The defendant, Larry Wayne Hunter, was convicted after a trial by jury of attempted aggravated kidnapping (R.S. 14:44, 14:27) and attempted armed robbery (R.S. 14:64, 14:27). On the first offense he was sentenced to imprisonment at hard labor for 35 years and on the second offense was also sentenced to imprisonment at hard labor for 35 years, but without benefit of parole. The two sentences were ordered to run concurrently.
Defendant has appealed his convictions and sentences, relying upon three assignments of error.
Factual Context
On the afternoon of June 19, 1983, Jerry Rogers, his wife and 15 year old daughter were shopping at a grocery store located just north of Interstate Highway 20 in Ruston. As they were checking out, the daughter, Tina, was handed the car keys and sent out to the parking lot to unlock the automobile and make room for the groceries. Miss Rogers unlocked the door on the passenger side of the two-door vehicle, pitched the car keys onto the middle of the front seat and started to sit on the rear seat. At that time a male, whom she did not know, armed with a butcher knife, grabbed Miss Rogers by the wrist and demanded the car keys.
Miss Rogers pointed to the keys lying on the front seat and her assailant picked them up. He then pulled the young lady from the automobile, forced her around to *133 the driver's side of the car, unlocked that door, and told his victim to get into the vehicle. At this time Mr. and Mrs. Rogers came out of the store and observed what was transpiring with reference to their daughter. Mrs. Rogers began screaming. This apparently startled her daughter's assailant since he loosened his grip on her. Tina then eluded the grasp of her assailant by pulling away and running back into the grocery store.
As Mr. Rogers approached the assailant, the latter handed him the car keys and said he was merely helping Miss Rogers open the car door. However, he then started running away from Mr. Rogers. Upon seeing that he was not being pursued, the assailant slowed to a walk and finally stopped in the doorway of a cafeteria located in the same shopping center as the grocery store where the Rogerses had been shopping.
When law enforcement officers arrived, the assailant went into the cafeteria. He was subsequently apprehended in the men's restroom of the cafeteria, where the police also found beside him on the floor a butcher knife measuring 8 to 10 inches in length. The male was identified as Larry Wayne Hunter.

Assignment of Error No. 1
In this assignment the defendant contends that the evidence adduced at trial was insufficient to prove every element of the offense of attempted aggravated kidnapping.
In order to satisfy due process standards, the record evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational factfinder to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979).
La.R.S. 14:44 defines aggravated kidnapping as:
Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender's actual or apparent control:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.
Whoever commits the crime of aggravated kidnapping shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
An attempt requires specific intent to commit the crime and an overt act tending directly toward the accomplishment of that crime. R.S. 14:27. Although the State need not prove every element of the crime, the State does have the burden of proving specific intent to commit the charged crime.
The crime of aggravated kidnapping requires proof that the defendant specifically intended to extort something of value either from the victim or some other person in order to secure release. See State v. Moore, 432 So.2d 209 (La.1983); State v. English, 367 So.2d 815 (La.1979) (appendix); State v. Johnson, 443 So.2d 744 (La. App. 4th Cir.1983); State v. Rodrique, 441 So.2d 1274 (La.App. 1st Cir.1983). Indeed, the intent to extort is the essential difference between aggravated kidnapping and simple kidnapping. State v. Polk, 367 So.2d 151 (La.1979) (fn. 1); State v. Dupre, 369 So.2d 1303 (La.1979).
Specific intent to commit a crime is an element of an attempted offense. La. R.S. 14:27. Hence, a conviction of an attempted offense must rest upon sufficient proof that the offender actively desired to cause the proscribed criminal consequences to follow his act or failure to act and that the offender committed or omitted an act for the purpose and tending directly toward the accomplishing of his object. R.S. *134 14:10, 14:27. See State v. Parish, 405 So.2d 1080 (La.1981), on remand 429 So.2d 442.
Specific intent is a state of mind and need not be proved as a fact; it may be inferred from the circumstances of the transaction and the action and actions of the defendant. State v. Graham, 420 So.2d 1126 (La.1982); State v. Fuller, 414 So.2d 306 (La.1982). The determination of whether the requisite intent is present in a criminal case is for the trier of fact. See State v. Huizar, 414 So.2d 741 (La.1982) and State v. Butler, 322 So.2d 189 (La. 1975). In reviewing the correctness of such determination, the court should review the evidence in a light most favorable to the prosecution and must determine if the evidence is sufficient to convince a reasonable trier of fact of the guilt of the defendant beyond a reasonable doubt as to every element of the offense. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Huizar, supra.
It follows therefore that the State, to prove attempted aggravated kidnapping, must present evidence that the defendant intended to forcibly seize the victim and to extort something of value from the victim or a third party for the release of the victim. In viewing the evidence in this case in a light most favorable to the State, it cannot be said that the State proved anything more than that the defendant intended to forcibly seize and carry off the victim. There is no evidence from which a rational trier of fact could infer that the defendant had specific intent to extort something of value from the victim or third party in order to secure a release.
However, the record in this case does support a conviction of a lesser included and responsive offense. See C.Cr.P. Art. 814. The crime of attempted simple kidnapping requires the State to prove that the defendant had the specific intent to forcibly seize and carry off the victim. Based on the record in this case, the State proved that the defendant intended to seize and carry off the victim and committed an act tending directly toward the accomplishment of that goal.
The verdict in this, therefore, is amended to reduce the conviction for attempted aggravated kidnapping to a conviction of attempted simple kidnapping and the case is remanded to the trial court for re-sentencing for attempted simple kidnapping in accordance with this opinion. C.Cr.P. Art. 821(E); see also State v. Byrd, 385 So.2d 248 (La.1980).

Assignment of Error No. 2
Defendant argues in this assignment that the evidence presented at trial did not establish every element of the crime of attempted armed robbery.
Armed robbery is defined in La.R.S. 14:64 as:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.
We have previously discussed the elements of "attempt" in connection with the first assignment of error.
On the conviction of attempted armed robbery, the defendant questions whether the car keys were "within the control" of Miss Rogers and whether they were ever "taken" as required by the definition of the offense. With reference to the former contention, although the victim testified that she could not easily reach the keys, property "under one's control" has been defined as that within one's presenceas were these keys. State v. Refuge, 300 So.2d 489 (La.1974).
Defendant's possession of the car keys, even for a brief time, constituted a "taking" as contemplated by the statute.
*135 In summary, the attempted armed robbery conviction is supported by evidence of defendant's use of a dangerous weapon [the butcher knife] and the taking of the car keys.
The defendant mistakenly asserts that the State must prove each and every element of the crime attempted. As can be gleaned from the legal definition of attempt, the prosecution's burden is to prove specific intent [which can be inferred from circumstances] and the commission of an overt act tending toward accomplishing the offense. Viewing the evidence here in a light most favorable to the prosecution, we find that it was sufficient to sustain this conviction.
For the reasons explained, this assignment of error is without merit.

Assignment of Error No. 3
It is defendant's argument in this assignment that the sentences imposed by the trial judge are excessive. Having set aside the sentence meted out for attempted aggravated kidnapping, we address only the sentence of 35 years at hard labor, without benefit of parole, for the attempted armed robbery conviction.
The maximum imposable sentence for attempted armed robbery is 49½ years without benefit of parole, probation or suspension of sentence.
The sentencing guidelines of La.C.Cr.P. Article 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983).
In this case the trial court adequately complied with Article 894.1. He noted that he was precluded from offering this defendant a probated sentence under the provisions of the armed robbery statute. It was further pointed out that, although this defendant did not have a record of a significant amount of criminal behavior, recent arrests for indecent behavior with juveniles and aggravated battery were disturbing factors. The trial judge also observed that the harm to this victim from a psychological standpoint was incalculable. Further, it was apparent that the defendant needed correctional treatment.
Considering the matters addressed above and the seriousness of this crime, we do not find that the sentence of 35 years imprisonment is a needless or purposeless imposition of pain and suffering. Therefore this assignment lacks merit.
Decree
For the reasons set forth, the conviction and sentence for attempted armed robbery are affirmed. The conviction and sentence for attempted aggravated kidnapping are set aside, the defendant is adjudged guilty of attempted simple kidnapping, and the case is remanded to the district court for sentencing for this crime.