WILLIAMS, Judge.
This is an appeal by plaintiffs Mr. & Mrs. Israel Trestman, Marsailles Apartments, *736 Ltd., Marsailles Apartments, Ine. and Ames, Inc. [hereinafter “Trestman”] from a decision of the trial court granting partial summary judgment in favor of defendants L. & B. Investment Corporation, Latter & Blum, Inc., Realtors, Trevor Bailey and Larry Burkey [hereinafter “Latter & Blum”].
Latter and Blum had entered into an agreement to purchase immovable property from plaintiff. Plaintiff later filed suit against defendant seeking specific performance and damages for defendant’s failure to proceed with the act of sale. Defendants filed a Motion for Partial Summary Judgment asserting that plaintiffs were not entitled to specific performance and could not recover more than $10,000.00. The motion was granted, and plaintiffs appealed.
Pursuant to the Agreement to Sell, defendant gave plaintiff a $10,000.00 promissory note. The agreement stated:
Purchaser will give seller upon acceptance of this offer, a non-refundable promissory note of $10,000.00 as deposit on the purchase of the Property. Such note will be cancelled upon purchase of the Property. If Purchaser fails to purchase Property at the conclusion of the specified time in the contract such note shall be cancelled and due for payment in cash.
Article 2463 of the Louisiana Civil Code states:
But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to-wit: He who has given the earnest, by forfeiting it; and he who has received it by returning the double.
A deposit is considered to be earnest money unless it is clearly specified to the contrary. E.G. Troxler v. McFarlain, 308 So.2d 808, 809 (La.App. 4th Cir.1975). Because earnest money, i.e., $10,000 promissory note, was given, plaintiff cannot demand specific performance and is limited to recovery of that amount.
We note that plaintiffs rely upon our decision in Lulich v. Robin, 466 So.2d 780 (La.App. 4th Cir.1985) as support for his assertion that they are entitled to specific performance. In Lulich, unlike this case, no earnest money was given; a deposit was made subsequent to the agreement to sell and was found to have been a partial payment on the purchase price.
The Agreement also provided for payment of reasonable attorneys fees and costs if either party had to enforce its rights. Because plaintiff has no right to specific performance it should not be allowed to recover attorney’s fees and costs involved in its attempt to enforce this nonexistent right. Defendants, however, have not conceded liability or that plaintiffs are entitled to any of the $10,000.00 earnest money. Should plaintiffs be successful in recovering the earnest money, they would be entitled to be reimbursed for their attorney’s fees and costs to the extent such were expended in an effort to recover the earnest money. Plaintiffs cannot obtain reimbursement for moneys spent seeking specific performance.
For the foregoing reasons, the decision of the trial court is affirmed, but amended to allow plaintiffs an opportunity to recover attorney’s fees and costs necessary to obtain any judgment it may be awarded below.
AFFIRMED AND AMENDED.