478 So.2d 622 (1985)
STATE of Louisiana, Appellee.
v.
Ben E. TOMLIN, Appellant.
No. 17292-KA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1985.
*623 Raymond L. Cannon, Tallulah, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James D. Caldwell, Dist. Atty., Moses Junior Williams, Asst. Dist. Atty., Tallulah, for appellee.
Before HALL, JASPER JONES and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Ben E. Tomlin, was charged with two counts of indecent behavior with a juvenile in violation of LSA-R.S. 14:81. He was found guilty by a jury of one count of indecent behavior with a juvenile and one count of attempted indecent behavior with a juvenile. For these convictions he was sentenced to serve five years at hard labor, and one and one-half years at hard labor, plus a fine of $2,500 and costs, or serve one year imprisonment in lieu of payment of the fine and costs, respectively. These sentences were ordered to run consecutively. Defendant appeals his convictions asserting that the trial court erred in denying his challenge for cause as to one of the prospective jurors and urging the sentences imposed were illegal, unconstitutional, and excessive. We affirm the defendant's convictions and sentences.

*624 FACTS
On August 6, 1984, the 51 year old defendant picked up two twelve year old boys and took them riding in his car. The group stopped at a convenience store where defendant purchased a six pack of beer and gave each child a can of beer to drink in the car. Defendant then took the boys to his home and gave each another can of beer. Defendant then induced the first victim to masturbate the defendant. Defendant then masturbated the second victim. Defendant attempted but was unsuccessful in inducing either boy to perform oral sex on him. Defendant then drove the boys to an area close to their homes and dropped them off.

ASSIGNMENTS OF ERROR
In his first assignment of error, defendant urges prejudicial error in the trial court's denial of his challenge for cause of one of the prospective jurors. This assignment of error was not briefed or argued in brief and is considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974); State v. Williams, 338 So.2d 672 (La.1976).
Defendant next attacks his sentences as illegal, unconstitutional, and excessive. He first argues that the sentences for each count for which he was convicted must be served concurrently and not consecutively because the charges arose from a single transaction. We find this argument to be without merit.
LSA-C.Cr.P. Art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
The mere fact that multiple convictions result from a single course of conduct does not necessarily require that the sentences be served concurrently. However, in such a situation, a judgment directing that sentences be served consecutively requires particular justification. State v. Ortega, 382 So.2d 921 (La.1980), cert.denied 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58; State v. Williams, 445 So.2d 1171 (La. 1984). Factors to be considered include those enumerated under LSA-C.Cr.P. Art. 894.1 as well as a consideration of whether the defendant poses an unusual risk to the safety of the public. State v. Sherer, 437 So.2d 276 (La.1983); State v. Taylor, 430 So.2d 686 (La.App.2d Cir.1983), writ denied 438 So.2d 575 (La.1983); State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
The sentencing court noted that even though defendant is a first felony offender, he had been previously convicted of numerous misdemeanors including disturbing the peace, simple assault, and criminal mischief. The court noted defendant had prior arrests for enticing minors into prostitution. In examining defendant's pre-sentence investigation report, the court noted complaints of defendant chasing little girls in the parish, harassing teenagers, and noted one incident where defendant drove up to a girl on the street and, while armed with a firearm, told her to get in the car. The court also noted defendant's poor work record, noted that imprisonment would not impose undue hardship on the defendant or his family, found a serious likelihood that defendant would commit another crime, and concluded that defendant would not respond favorably to a probated sentence. These factors considered by the sentencing court and enumerated for the record supply the necessary justification to require that the sentences be served consecutively rather than concurrently.
Defendant also urges that the sentences imposed were excessive. We find no merit in this argument. The maximum sentence for violation of LSA-R.S. 14:81 is *625 five years at hard labor or a $5,000 fine or both. Defendant was sentenced to five years at hard labor for his conviction for indecent behavior with a juvenile, but no fine was imposed. The maximum sentence for attempted indecent behavior with a juvenile is two and one half years at hard labor or a $2,500 fine or both. The maximum sentence for this conviction was not imposed as the defendant was sentenced to one and one-half years at hard labor and fined $2,500, plus costs, or to serve an additional year in jail in lieu of payment of the fine and costs.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
The guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983), writ denied 435 So.2d 438 (La.1983). While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C. Cr.P. Art. 894.1, the record must reflect that the court adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983), writ denied 438 So.2d 1112 (La.1983); State v. Smith, 433 So.2d 688 (La.1983).
As stated above, the sentencing court adequately complied with LSA-C.Cr.P. Art. 894.1 in enumerating the factors considered in sentencing the defendant. Those factors included the seriousness of the defendant's offenses, his long history of criminal involvement and indications that defendant was a threat to the public. These factors clearly support the sentences imposed in this case and the order that they be served consecutively.
Defendant next argues that because he is indigent the sentencing court imposed an illegal sentence by imposing a fine with an additional year of imprisonment in default of payment of the fine.
The United States Supreme Court has held that a state violates the 14th Amendment of the United States Constitution by imprisoning beyond the maximum duration fixed by the statute, an indigent defendant who cannot pay his fine. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). The court did not reach the question of whether a state is precluded in other circumstances from holding an indigent accountable for a fine by use of a penal sanction.
The sentence complained of in this case is authorized by LSA-C.Cr.P. Art. 884.[1] Louisiana cases interpreting this statute have applied Williams v. Illinois, supra, to hold that a defendant who cannot pay a fine cannot be imprisoned for a longer term than the statutory maximum for the offense. State v. Williams, 288 So.2d 319 (La.1974); State v. Lukefahr, 363 So.2d 661 (La.1978), cert.denied 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979); State v. Barnes, 365 So.2d 1282 (La.1978); State v. Sewell, 448 So.2d 755 (La.App.2d Cir.1984).
In the present case, the sentencing court has not imposed a jail term in lieu of payment of the fine which exceeds the statutory maximum for the offense. Therefore, there is no illegality in the imposition of this sentence.
Defendant relies upon Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 *626 L.Ed.2d 221 (1983) to contend that because he is indigent, a sentencing court may not require a lump sum payment of a fine and costs, or in lieu thereof, the imposition of a jail sentence. A determination of whether Bearden v. Georgia is applicable is premature. Although the fine imposed is due immediately, the requirement that the defendant serve a jail term in lieu thereof will not arise, as a practical matter, until he has served the hard labor sentences imposed upon him. At that time, a judicial determination must be made as to his indigency and whether he must serve the jail term in lieu of the payment of his fine and costs. Therefore, at the time the defendant is required to serve the jail sentence in lieu of payment of the fine and costs, or at any time his status is adversely affected by virtue of his failure to pay the fine and costs, with the attendant requirement of serving a jail sentence in lieu thereof, defendant may, by application for post conviction relief, object to being required to make a lump sum payment and the issue can then be considered.
For the reasons stated above, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] LSA-C.Cr.P. Art. 884 provides:

If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed is a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense.