480 So.2d 943 (1985)
STATE of Louisiana, Appellee,
v.
Archie HARRIS, Appellant.
No. 17,440-KA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
William D. Dyess, Many, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Don M. Burkett, Dist. Atty., Robert E. Burgess, Asst. Dist. Atty., Mansfield, for appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
SEXTON, Judge.
The defendant was charged by bill of information with attempted first degree murder in violation of LSA-R.S. 14:27 and 14:30. Following the defendant's conviction as charged by a jury, he was sentenced to forty-five years at hard labor. Defendant appeals complaining that the trial court erred in imposing an unconstitutionally excessive sentence and in failing to comply with the requirements of LSA-C.Cr.P. Art. 894.1.
The charges against defendant arose from the following incident. On the afternoon of October 3, 1984, while walking from her grandmother's home in Joaquin, Texas to her home in Longstreet, Louisiana, the victim, Ms. Jackie Jackson, accepted a ride from the defendant, with whom she was acquainted. Rather than proceed to Longstreet, Ms. Jackson, the defendant and Joseph Hunter, Jr., a passenger in defendant's car, drove to a baseball park in Logansport, Louisiana, where they engaged in the use of both alcohol and marijuana. Hunter remained at the park while *944 Ms. Jackson and the defendant drove down a dirt road. Hunter testified that when Ms. Jackson and the defendant left the baseball park in Logansport, the defendant had not injured Ms. Jackson in any way.
According to the victim's testimony, the defendant demanded a ring she was wearing and after she refused, he hit her several times. He also made demands that she have sex with him. When she refused, he struck Ms. Jackson several more times. Defendant then agreed to allow her to return to her home in Longstreet. The victim further testified that upon arriving at the victim's home, defendant grabbed her as she attempted to exit the vehicle, pulled her inside, and began to stab her. Ms. Jackson suffered multiple stab wounds to her chest, abdomen, neck, face and hands. After dragging Ms. Jackson into the back seat of the car, defendant drove away, but soon ran out of gas. Defendant forced Ms. Jackson to get into the trunk of the car, and walked to the home of David Mason in an attempt to secure gasoline.
Mason agreed to give the defendant some gasoline and the pair returned to the defendant's vehicle in Mason's truck. Mason, hearing what he thought to be a woman's voice emanating from the trunk of the car, asked the defendant who he had in the car. Defendant replied that he had a calf that he intended to barbecue. Mason, now suspicious, returned to his house and phoned the police. He then phoned his brother and they set out to find the vehicle driven by the defendant.
After receiving the call, Deputy Arbuckle of the DeSoto Parish Sheriff's Department stopped the defendant and requested that he open the trunk of his car. Defendant stated that he had no key to the trunk, but that if Deputy Arbuckle would follow him into Logansport he could get the key from his sister. Deputy Arbuckle agreed, but in route to Logansport, the defendant pulled over on the shoulder of the road and threw something out the window of the car. The item discarded was later discovered to be a knife. Deputy Arbuckle stopped the defendant and immediately placed him in custody. With the help of Mr. Mason and his brother, who subsequently arrived on the scene, and another deputy, Deputy Arbuckle opened the trunk of defendant's car. Inside the trunk they found Ms. Jackson in critical condition.
In the course of reviewing the assignments of error urged by defendant, this court had occasion to notice that there is a significant question herein as to the sufficiency of the evidence to convict defendant for attempted first degree murder. Thus, as mandated by State v. Raymo, 419 So.2d 858 (La.1982), as interpreted by this court in State v. Russell, 448 So.2d 798 (La.App. 2d Cir.1984), writ denied, 450 So.2d 956 (La.1984), we must determine whether the evidence was sufficient to convict defendant of attempted first degree murder.
The crime of aggravated kidnapping was used to form the basis for the attempted first degree murder charge. See LSA-R.S. 14:30. We find that no rational fact finder viewing the evidence in the light most favorable to the prosecution, could have found proof beyond a reasonable doubt of every element of aggravated kidnapping necessary in this case to support an attempted first degree murder conviction. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Regarding the crime of aggravated kidnapping, this court, in State v. Hunter, 454 So.2d 131 (La.App. 2d Cir.1984), writ denied, 456 So.2d 1018 (La.1984), stated the following:
The crime of aggravated kidnapping requires proof that the defendant specifically intended to extort something of value either from the victim or some other person in order to secure release. See State v. Moore, 432 So.2d 209 (La. 1983); State v. English, 367 So.2d 815 (La.1979) (appendix); State v. Johnson, 443 So.2d 744 (La.App. 4th Cir.1983); State v. Rodrique, 441 So.2d 1274 (La.App. 1st Cir. 1983). Indeed, the intent to extort is the essential difference between aggravated kidnapping and simple kidnapping. State v. Polk, 376 So.2d 151 (La.1979) *945 (fn. 1); State v. Dupre, 369 So.2d 1303 (La.1979).
In this instant case, there is absolutely no evidence that defendant attempted to extort something of value either from the victim or from some other person in order to secure the victim's release. While it might be argued that the demand for the ring, or the demand for sex, both of which could be considered something of value, elevated the defendant's act to conform to the elements of aggravated kidnapping, these demands took place prior to the actual kidnapping and at a time when the victim was still voluntarily in the defendant's company. The record is devoid of any evidence of any acts by the defendant that occurred subsequent to the stabbing and forcible seizing and transporting of the victim which would tend to show that the defendant intended to extort anything of value either from the victim or from someone else to secure her release.
Therefore, just as in State v. Hunter, supra, the record does not support a determination that the defendant was engaged in the perpetration or attempted perpetration of aggravated kidnapping, even when viewing the evidence in the light most favorable to the prosecution. The most that can be said of the evidence is that the state proved that the defendant intended to forcibly seize and carry off the victim. An essential element of the offense of aggravated kidnapping or attempted aggravated kidnapping not having been proven, an essential element of the offense for which the defendant was convicted, attempted first degree murder, is likewise not proven. It is therefore our duty to reduce the conviction to the highest responsive verdict which the record will support. LSA-C.Cr.P. Art. 821 E. That offense is attempted second degree murder. LSA-C.Cr.P. Art. 814 A 2, LSA-R.S. 14:27 and 14:30.1
In order for this jury to have determined that the defendant was guilty of attempted first degree murder, the jury must have concluded that the defendant had the specific intent to kill this victim. Considering the facts which we have previously detailed, we have no difficulty determining that the record supports such a finding by the jury. In other words, the verdict of guilty of attempted first degree murder carries with it an implicit finding by the jury that the defendant acted with specific intent to kill and that he did an act tending directly toward the accomplishment of that offense. Thus all of the elements of attempted second degree murder have been sufficiently proven.
Becaused we have reduced the grade of the offense, it is necessary that we remand the cause for resentencing. We recognize that both attempted first degree murder and attempted second degree murder carry the same fifty year penalty and that it can be argued that defendant's reprehensible conduct merits the sentence here received in either case. However, the trial judge is in the best position to weigh all of the circumstances of the case and to determine the appropriate sentence.
Accordingly, the conviction and sentence for attempted first degree murder are set aside, the defendant is adjudged guilty of attempted second degree murder, and the case is remanded to the district court for sentencing for this offense.
CONVICTION AND SENTENCE SET ASIDE, CONVICTION FOR ATTEMPTED SECOND DEGREE MURDER ADJUDGED, and REMANDED FOR SENTENCING THEREON.